UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAVAR HICKMAN,

Petitioner,

v.

EARL BELL and LETITIA JAMES,

Respondents.

No. 21-CV-4405 (RA)

OPINION & ORDER ADOPTING REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Petitioner Shavar Hickman filed this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2015 New York State conviction for criminal possession of a weapon in the second degree. *See* Dkt. 1 ("Pet."). Hickman, who is serving a sentence of sixteen years to life in prison as a persistent offender, principally contends that he was denied his Sixth Amendment right to effective assistance of counsel because his counsel "failed to use critical exculpatory information" at a suppression hearing. Pet. at 3.

Before the Court is Magistrate Judge Cave's Report and Recommendation, recommending that the Petition be denied. Dkt. 17 ("Report") at 2. The central question before the Court is whether Hickman's guilty plea precludes his ineffective-assistance-of-counsel claim. Because the Court agrees with Judge Cave that it does, the Court adopts the well-reasoned Report as to this issue and denies the Petition.

**BACKGROUND**

The Court adopts the recitation of facts and procedural history set forth by Judge Cave in the Report, *see* Report at 2–13, and repeats only those facts relevant to the consideration of Petitioner's objections.

Shortly after midnight on August 9, 2014, a woman called 911 to report that she had heard five shots in the vicinity of Lenox Avenue and 115th Street in New York City. *See* Dkt. 14-2 ("State Court Record") at 5 ¶ 7. She described the perpetrators as "two black males" between the ages of 17 and 20, one "wearing a red shirt and the other a black shirt," who "kept circling around the projects" on bicycles. *Id.* at 5–6 ¶ 7. Thereafter, a radio run transmitted to the New York City Police Department ("NYPD") reported that "shots [were] fired at West 115th Street and Lenox Avenue" and relayed the caller's description of the perpetrators. *Id.* at 6 ¶ 8; *see also* Dkt. 14-4 ("State Court Trans.") at 45. Detective Jesus Capo and Lieutenant Thomas Kelly were patrolling nearby when they responded to the transmission. State Court Trans. at 9–11, 45. About three blocks north of where the shots were reported, Detective Capo observed a "male, Black," on a bike, wearing a "red-t-shirt" "speaking to another male individual." *Id.* at 12. The man in question was Shavar Hickman. *Id.* at 14–15.

Detective Capo and Lieutenant Kelly stopped Hickman and told him they had received a report of shots fired in the area and that the "description" of the shooter "matched [his] outfit." *Id.* at 16. Detective Capo then proceeded to frisk Hickman "from the waist area upwards." *Id.* at 15, 46. When Detective Capo felt a brace, which Hickman explained he wore because of an injury, Detective Capo patted "lightly in the area in the back and to the front" but did not examine "the front of the body from the waist down." *Id.* at 17. After returning to his vehicle, Detective Capo, "not satisfied with the search" and believing there "was something more to it," returned to Hickman "[n]ot even ten second[s]" later to frisk the "front area where [he] missed the first time." *Id.* at 18. As he frisked Hickman's waistband, Detective Capo felt "a hard object." *Id.* When Detective Capo told Hickman to "stay still" and moved to handcuff him, Hickman "took off

running." *Id.* at 19. The officers tackled Hickman and recovered a loaded .357 handgun from "a belly band or fanny pack affixed to his person under the back brace." *Id.*

A grand jury indicted Hickman on two counts of criminal possession of a weapon in the second degree and one count of criminal possession in the third degree. *See* Dkt. 14-3 at 197–98. On February 5, 2015, the trial court held a hearing on Hickman's motion to suppress, among other things, the handgun and ammunition recovered during his arrest. *See* Dkt. 14-3 at 207; State Court Trans. at 2–42. During the hearing, Hickman's counsel, Norman Williams, did not introduce the 911 call or radio run but later argued in a letter motion that Detective Capo lacked reasonable suspicion to stop and frisk Hickman because the caller was anonymous and the radio run unreliable. State Court Record at 6–8 ¶¶ 9–10, 74–77. The trial court denied suppression, crediting Detective Capo's testimony and concluding that, in light of the radio run and the "very, very brief delay between the first pat down and the second," his actions were reasonable. State Court Trans. at 43–50.

On the day trial commenced, Hickman pleaded guilty to criminal possession of a weapon in the second degree and was sentenced to sixteen years to life imprisonment. *Id.* at 53, 73. In January 2019, Hickman moved to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10(1)(h), contending that Williams had provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to introduce or otherwise use the 911 call and radio run, which Hickman maintained would have undermined Detective Capo's asserted basis for reasonable suspicion. State Court Record at 4 ¶¶ 2–3, 16–30. On May 17, 2019, the New York Supreme Court denied the motion. *See* Dkt. 14-3 at 20–25. The Appellate Division of the First Department affirmed that decision, *id.* at 288–90, and the New York Court of Appeals denied Hickman leave to appeal, *People v. Hickman*, 35 N.Y.3d 1094 (2020).

On May 17, 2021, Hickman filed the instant habeas petition, principally arguing that Williams provided ineffective assistance by failing to use the radio run and 911 call to challenge the basis for the stop. *See* Pet. at 23–45. On March 21, 2024, Judge Cave issued the Report recommending that the Petition be denied on the ground that Hickman's guilty plea foreclosed consideration of the merits of his ineffective-assistance-of-counsel claim. Report at 19. Judge Cave went on to conclude that, even if the Court reached the merits, the state court's rejection of that claim was neither contrary to nor an unreasonable application of Supreme Court precedent. *Id.* at 26–27. Hickman timely objected to the Report's conclusions.

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Upon receiving a party's written objections to the magistrate judge's recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2), a district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1). For portions to which no timely objection is made, the district court need only "satisfy itself that there is no clear error on the face of the record." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016).[1]

[1] Unless otherwise noted, case quotations omit all citations, quotation marks, alterations, and footnotes.

## DISCUSSION

Hickman objects to the Report's conclusion that, among other things, his guilty plea precludes review of his ineffective-assistance-of-counsel claim, contending that the claim falls within an exception to that bar. Dkt. 18 ("Objs.") at 4. The Court disagrees.[2]

Once a defendant has "solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). An exception arises, however, "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues," in which case the defendant is "not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." *Lefkowitz v. Newsome*, 420 U.S. 283, 292–93 (1975). Suppression decisions in New York fall squarely within this exception. N.Y. Crim. Proc. Law § 710.70(2) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty."); *see also Martinez v. Uhler*, 19-CV-6928, 2020 WL 13543764, at *7 (S.D.N.Y. Aug. 26, 2020), *adopted by* 2022 WL 3996963 (S.D.N.Y. Sept. 1, 2022) ("New York law . . . preserves the right to appeal a suppression decision after a guilty plea.").

Hickman would take that exception one step further to encompass his claim, arguing that "if a suppression decision can be appealed following a guilty plea then it logically follows that an appeal can also be taken regarding whether a defense attorney performed ineffectively at that very hearing." Objs. at 5–6. But that reading stretches the exception beyond what the statutory text

[2] Because the Court concludes that Hickman's guilty plea forecloses review of his ineffective-assistance claim, it need not address his remaining objections, which challenge the Report's alternative conclusion that the claim fails on the merits.

permits. Section 710.70(2) preserves review only of "an order finally denying a motion to suppress evidence" and says nothing of counsel's performance at the suppression hearing. District courts in this Circuit have accordingly rejected the argument that the exception preserves ineffective-assistance claims based on counsel's performance at a suppression hearing. *See Pena v. Sheahan*, 15-CV-2455, 2018 WL 3639927, at *14 (S.D.N.Y. June 22, 2018) ("[Defendant's] ineffective assistance claims," including claims premised on his counsel's failure to impeach detective at suppression hearing, "are barred to the extent that they relate to events prior to his guilty plea."), *adopted by* 2018 WL 3632499 (S.D.N.Y. July 27, 2018); *Rodriguez v. Conway*, 7-CV-9863, 2009 WL 636503, at *19 & n.29 (S.D.N.Y. Mar. 13, 2009) (collecting cases), *adopted by* 2009 WL 3094939 (S.D.N.Y. Sept. 28, 2009); *Hanks v. Kelly*, 14-CV-618, 2015 WL 6738830, at *9 (N.D.N.Y. Nov. 4, 2015) (holding that guilty plea barred claim that counsel "failed to make sufficient arguments in support of his motion to suppress").

Beyond § 710.70(2), New York law permits an ineffective-assistance claim to survive a guilty plea only where counsel's ineffectiveness infected the plea itself. *See People v. Petgen*, 435 N.E.2d 669, 671 & n.3 (N.Y. 1982) (holding that "defendant's assertion in this case that he was denied effective assistance of counsel [did not] survive his plea," because "[t]here is no suggestion that . . . the acceptance of the plea was infected by any ineffective assistance of counsel"); *People v. Adams*, 232 N.Y.S.3d 217, 218 (N.Y. App. Div. 2025) ("By pleading guilty, the defendant forfeited review of any claim of ineffective assistance of counsel that did not directly involve the plea-negotiation process and sentence."). Yet Hickman does not argue that Williams' performance at the suppression hearing affected the voluntariness of his plea. Instead, he argues that New York appellate courts have allowed ineffective-assistance claims like his to proceed after a guilty plea,

and that the authorities Judge Cave cited for the contrary proposition are either "distinguishable" or "plainly incorrect." *See* Objs. at 6–7. Neither argument persuades.

To start, the New York cases on which Hickman relies either cut against his position or miss the mark. Take *People v. Dealmeida*, 124 A.D.3d 1405 (N.Y. App. Div. 2015), and *People v. Allen*, 125 N.Y.S.3d 783 (N.Y. App. Div. 2020). In both, the court reached the merits of the ineffective-assistance claim only because counsel's error infected the plea-bargaining process. *See Dealmeida*, 124 A.D.3d at 1407 (holding that the ineffective-assistance claim "survive[d] [the] guilty plea inasmuch as defense counsel's error infected the plea bargaining process"); *Allen*, 125 N.Y.S.3d at 787 ("[D]efendant demonstrated . . . a reasonable probability that, but for counsel's error, defendant would not have pleaded guilty."). Hickman, by contrast, has never suggested that his counsel's performance at the suppression hearing bore in any way on the voluntariness of his plea. Nor does *People v. Villegas*, 949 N.Y.S.2d 664 (N.Y. App. Div. 2012), help Hickman. The court there never considered whether the guilty plea barred the ineffective-assistance claim, because neither party raised the issue. A court's silence on a question no one put before it cannot extend the *Lefkowitz* exception beyond its established boundaries. *Cf. Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Hickman's criticisms of Judge Cave's authorities fare no better. His arguments against them rest entirely on the state cases discussed above. *See* Objs. at 9–10. And those cases, as explained, do him no good. Indeed, the decisions on which Judge Cave relied correctly recognize that New York law does not preserve ineffective-assistance claims arising from a suppression hearing absent an effect on the voluntariness of the plea.

In a last-ditch effort to avoid *Tollett*'s bar on pre-plea constitutional claims, Hickman contends that, as in *Lefkowitz*, he pled guilty with a "clear understanding and expectation . . . that it would not foreclose judicial review of the suppression hearing." Objs. at 8. He points to the plea allocution, in which the trial court explained that he was waiving certain rights, including "any other rights that [he] might have to contest the constitutionality of the identification procedures conducted [] by law enforcement or any statements [he] made [] to law enforcement," "aside from that which was litigated at the hearing." State Court Trans. at 57. That last clause, Hickman says, led him to believe he could still bring an ineffective-assistance claim based on Williams' conduct at the suppression hearing. Objs. at 8. By its terms, however, the clause preserved review only of "that which was litigated at the hearing," that is, the suppression ruling itself, not counsel's failure to litigate other matters at said hearing. Hickman's ineffective-assistance-of-counsel claim is therefore foreclosed from review. Accordingly, the Petition is denied and the Court need not reach consideration of the merits of that claim.

## CONCLUSION

For the reasons set forth above, the Court adopts the Report's conclusion that Hickman's guilty plea forecloses review of his ineffective-assistance-of-counsel claim, and the Petition is denied.

SO ORDERED.

Dated: October 27, 2026
New York, New York

Ronnie Abrams
United States District Judge